UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| LIQUE, LLC | CIVIL ACTION |
| VERSUS | NO. 20-1162 |
| GIANFRANCO NICOLOSI AND SHANNON-NICOLOSI, LLC | SECTION M (3) |

## ORDER & REASONS

Before the Court is a motion for summary judgment filed by plaintiff Lique, LLC ("Lique").[1] Defendants Shannon-Nicolosi, LLC ("SNL") and Gianfranco Nicolosi (together, "Defendants"), who are represented by counsel, did not respond in opposition.[2] Having considered Lique's memoranda, the record, and the applicable law, the Court grants Lique's motion holding that Defendants breached the settlement agreement.

## I. BACKGROUND

This case concerns the breach of a settlement agreement. Lique is a limited liability company whose sole member is Liliam Carrete, a citizen of Brazil.[3] Nicolosi, a citizen of Louisiana, is the sole member of SNL.[4] On March 14, 2014, Lique and SNL entered into a management agreement to purchase, renovate, develop, manage, and sell real estate in the New Orleans area.[5] Lique provided the capital and SNL acted as Lique's manager and agent.[6]

---

[1] R. Doc. 35.
[2] The motion was set to be submitted to the Court on July 15, 2021. Local Rule 7.5 requires that a memorandum in opposition to a motion be filed no later than eight days before the noticed submission date, which in this case was July 8, 2021.
[3] R. Doc. 17 at 1.
[4] *Id.* at 2.
[5] *Id.* at 3.
[6] *Id.* at 4.

Pursuant to the management agreement, Lique provided to SNL funding for the development of a vacant lot located at 337 Elmeer Avenue in Metairie, Louisiana.[7] Nicolosi provided to Lique a proposal for the construction of a new home on the lot.[8] Lique sent funds to Nicolosi weekly based on Nicolosi's representations regarding the work that was performed that week and the work planned for the next week.[9] Nicolosi's representations included false statements of progress, fake construction photographs, and eventually a fake purchase agreement.[10] Unfortunately, little to no work was performed on the project.[11]

When the house did not sell under the purported purchase agreement, Carrete traveled to New Orleans and discovered that the construction had not progressed beyond framing the structure.[12] At that point, Lique had sent Nicolosi $300,000 for construction, plus the money that was used to purchase the property.[13] An accounting of the money sent and the costs associated with the limited work that had been done showed that Nicolosi had stolen $167,600 from Lique.[14] Upon discovery of the conversion, Lique demanded immediate repayment from SNL and Nicolosi.[15] Nicolosi admitted to misappropriation of the funds and agreed to repay Lique.[16]

The settlement was reduced to writing and signed by Carrete on behalf of Lique and Nicolosi on behalf of himself and SNL.[17] The settlement agreement recounted the facts that led to the misappropriation and the repayment terms which required Nicolosi to repay $167,600 to Lique in installments on the 15th day of each month pursuant to the following schedule:

---

[7] *Id.*; R. Doc. 35-1 at 2.
[8] R. Doc. 35-1 at 2.
[9] *Id.*
[10] *Id.*
[11] *Id.*
[12] *Id.* at 2-3.
[13] *Id.* at 3.
[14] *Id.*
[15] R. Doc. 1 at 4-5.
[16] *Id.* at 5.
[17] R. Doc. 17-1.

- Starting in September 2018: $400 in 12 installments
- Starting in September 2019: $500 in 12 installments
- Starting in September 2020: $600 in 12 installments
- Starting in September 2021: $800 in 12 installments
- Starting in September 2022: $1,000 in 12 installments
- Starting in September 2023: $1,500 in 36 installments
- Starting in September 2026: $2,000 in 37 installments.[18]

In the event of Nicolosi's default or failure to timely tender the installment payments without prior written notice or grace given by Lique, Lique was permitted to accelerate all of the remaining installments and declare the entire unpaid balance immediately due and payable.[19] Any attempt by Nicolosi to make late or non-conforming payments that were already past due could not reactivate his right to make periodic payments, and any failure to timely tender payments constituted a material breach by Nicolosi.[20] The agreement contained an integration clause stating that it "sets forth the entire understanding between the Parties and no amendment hereto shall be valid unless made in writing and signed by the Parties."[21]

Beginning in September 2018, Nicolosi made five $400 payments (September 2018, October 2018, November 2018, January 2019, and February 2019).[22] He has not made any payments since February 2019.[23] Lique alleges that Nicolosi's failure to make the required payments constitutes a material breach of the settlement agreement which allows Lique to accelerate the remaining balance due requiring Nicolosi to pay in full the outstanding debt of $165,600 ($167,600 minus the $2,000 Nicolosi already repaid).[24] Because neither Nicolosi nor

---

[18] *Id.* at 1.
[19] *Id.* at 2.
[20] *Id.*
[21] *Id.*
[22] R. Doc. 17 at 7.
[23] *Id.*
[24] *Id.*

SNL made any payments in response to Lique's multiple demands, Lique filed this action for breach of contract seeking $165,6000, plus interest and costs.[25]

## II. PENDING MOTION

Lique argues that the undisputed facts prove that Defendants breached the settlement agreement, entitling Lique to summary judgment awarding it the full unpaid balance of $165,600, plus interest and costs.[26] Lique also argues that SNL and Nicolosi are solidary obligors because Nicolosi signed the settlement agreement on behalf of himself and SNL.[27] Further, Lique argues that the parties did not enter into any written agreements that altered the repayment terms of the settlement agreement.[28]

## III. LAW & ANALYSIS

### A. Summary Judgment Standard

Summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986) (quoting Fed. R. Civ. P. 56(c)). "Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Id*. A party moving for summary judgment bears the initial burden of demonstrating the basis for summary judgment and identifying those portions of the record, discovery, and any affidavits supporting the conclusion that there is no genuine issue of material fact. *Id*. at 323. If the moving party meets

---

[25] *Id*. at 7-8.
[26] R. Doc. 35-1 at 7-10.
[27] *Id*. at 10-11.
[28] *Id*. at 11-12.

4

that burden, then the nonmoving party must use evidence cognizable under Rule 56 to demonstrate the existence of a genuine issue of material fact. *Id*. at 324.

A genuine issue of material fact exists if a reasonable jury could return a verdict for the nonmoving party. *See Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 248 (1986). The substantive law identifies which facts are material. *Id*. Material facts are not genuinely disputed when a rational trier of fact could not find for the nonmoving party upon a review of the record taken as a whole. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp*., 475 U.S. 574, 587 (1986); *EEOC v. Simbaki, Ltd*., 767 F.3d 475, 481 (5th Cir. 2014). Unsubstantiated assertions, conclusory allegations, and merely colorable factual bases are insufficient to defeat a motion for summary judgment. *See Anderson*, 477 U.S. at 249-50; *Little v. Liquid Air Corp*., 37 F.3d 1069, 1075 (5th Cir. 1994); *Hopper v. Frank*, 16 F.3d 92, 97 (5th Cir. 1994). In ruling on a summary-judgment motion, a court may not resolve credibility issues or weigh evidence. *See Delta & Pine Land Co. v. Nationwide Agribusiness Ins. Co*., 530 F.3d 395, 398-99 (5th Cir. 2008). Furthermore, a court must assess the evidence, review the facts, and draw any appropriate inferences based on the evidence in the light most favorable to the party opposing summary judgment. *See Tolan v. Cotton*, 572 U.S. 650, 656-57 (2014); *Daniels v. City of Arlington*, 246 F.3d 500, 502 (5th Cir. 2001). Yet, a court only draws reasonable inferences in favor of the nonmovant "when there is an actual controversy, that is, when both parties have submitted evidence of contradictory facts." *Little*, 37 F.3d at 1075 (citing *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 888 (1990)).

After the movant demonstrates the absence of a genuine issue of material fact, the nonmovant must articulate specific facts showing a genuine issue and point to supporting, competent evidence that may be presented in a form admissible at trial. *See Lynch Props., Inc. v. Potomac Ins. Co.*, 140 F.3d 622, 625 (5th Cir. 1998); Fed. R. Civ. P. 56(c)(1)(A) & (c)(2). Such

facts must create more than "some metaphysical doubt as to the material facts." *Matsushita*, 475 U.S. at 586. When the nonmovant will bear the burden of proof at trial on the dispositive issue, the moving party may simply point to insufficient admissible evidence to establish an essential element of the nonmovant's claim in order to satisfy its summary-judgment burden. *See Celotex*, 477 U.S. at 322-25; Fed. R. Civ. P. 56(c)(1)(B). Unless there is a genuine issue for trial that could support a judgment in favor of the nonmovant, summary judgment must be granted. *See Little*, 37 F.3d at 1075-76.

### B. Breach of Contract

"A contract is an agreement by two or more parties whereby obligations are created, modified, or extinguished." La. Civ. Code art. 1906. "Under Louisiana law, the 'essential elements of a breach of contract claim are (1) the obligor's undertaking an obligation to perform, (2) the obligor failed to perform the obligation (the breach), and (3) the failure to perform resulted in damages to the obligee.'" *Express Lien, Inc. v. Handle, Inc.*, 2020 WL 1030847, at *6 (E.D. La. Mar. 3, 2020) (quoting *Denham Homes, L.L.C. v. Teche Fed. Bank*, 182 So. 3d 108, 119 (La. App. 2015)). "The burden of proof in an action for breach of contract is on the party claiming rights under the contract." *Rebouche v. Harvey*, 805 So. 2d 332, 334 (La. App. 2001).

Here, the undisputed summary-judgment evidence proves that Lique had a signed contract with Defendants for the settlement of a debt that Defendants admitted they owed to Lique. The evidence also proves that Defendants breached the contract by failing to timely remit the required payments, resulting in Lique's right to accelerate all of the remaining installments and declare the entire unpaid balance immediately due and payable. Therefore, Lique is entitled to summary judgment awarding it the full unpaid balance of $165,600, plus interest.[29]

---

[29] As the prevailing party, Lique may also apply for costs pursuant to Rule 54(d)(1) of the Federal Rules of Civil Procedure and the Local Rules.

## IV. CONCLUSION

Accordingly, for the foregoing reasons,

IT IS ORDERED that Lique's motion for summary judgment (R. Doc. 35) is GRANTED, and Lique is awarded $165,600, plus interest.

New Orleans, Louisiana, this 12th day of July, 2021.

                                                BARRY W. ASHE
                                                UNITED STATES DISTRICT JUDGE